UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WAYNE IVES,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 2:20-CV-02505-AB-AGR<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

Before the Court is Robert Wayne Ives' ("Plaintiff") Motion to Remand this proceeding to the Superior Court of California, Los Angeles County ("Motion to Remand," Dkt. No. 28). Allstate Northbrook Indemnity Company ("Defendant") filed an Opposition ("Opp'n," Dkt. No. 32) and Plaintiff filed a Reply. ("Reply," Dkt. No. 33). The Court deemed this matter appropriate for decision without oral arguments and vacated the hearing set for Friday, November 13, 2020 and took this matter under submission. For the reasons explained below, the Court **DENIES** the Motion to Remand.

1.

## I. BACKGROUND

This is an action arising from Defendant's alleged bad faith for refusal to properly and timely pay uninsured motorist benefits under Plaintiff's policy. (Dkt. No. 1-1, Exh. A, at ¶ 1). Plaintiff filed his complaint in the Los Angeles Superior Court on February 5, 2020. (Dkt. No. 1-1). Defendant thereafter filed its answer on March 13, 2020. (Dkt. No. 1-3). On March 16, 2020, after receiving two pre-litigation settlement demands in the amount of $249,999, Defendant filed a Notice of Removal from the Los Angeles Superior Court. (Dkt. No. 1). On August 10, 2020, the parties engaged in arbitration and settled Plaintiff's uninsured motorist claim. (Dkt. No. 22). On October 15, 2020 Plaintiff filed a Motion to Remand this case back to the Superior Court, (Dkt. No. 28), and Defendant filed its Opposition to Plaintiff's Motion on October 23, 2020. (Dkt. No. 32). Finally, Plaintiff filed his Reply to Defendant's Opposition on October 30, 2020. (Dkt. No. 33).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332 requires complete diversity, i.e., that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). "Where a plaintiff's complaint does not specify the amount of damages being sought, the removing defendant bears the burden of demonstrating *by a preponderance of the evidence* that the amount in controversy requirement is satisfied. *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (emphasis added). Further, as explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the

complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

### III. DISCUSSION

Plaintiff seeks an order remanding this action back to state court arguing that Defendant has not established that the amount in controversy is greater than $75,000, as required for this Court to have subject-matter jurisdiction. (Dkt. No. 28, at 1:26–2:4). Plaintiff alleges that Defendant merely speculates about the amount in controversy and fails to meet the evidentiary burden required to support removal. (Dkt. No. 28, at 2:2–4). The parties do not dispute their diversity of citizenship—they agree Plaintiff is a citizen of California and Defendant is a citizen of Illinois. (Dkt. No. 1, at ¶ 9). However, when the parties engaged in arbitration, Plaintiff's uninsured motorist claim was settled. (Dkt. No. 22, at ¶ 3). The only issue before the Court is whether Defendant has shown, by a preponderance of the evidence, that the amount in controversy *at the time of removal*—not at the time Plaintiff made a motion to remand—exceeded $75,000. *See Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237 (9th Cir. 2014) ("The general rule is that the amount in controversy is determined from the pleadings as they exist at the time a petition for removal is filed."); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (stating that jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments).

### A. Defendant Meets the Preponderance of the Evidence Standard Required to Prove The Amount In Controversy.

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). In removing this case to federal court, Defendant used Plaintiff's $249,999 settlement demand as the basis for establishing the amount in controversy. (Dkt. No. 1-1). Plaintiff made this settlement demand prior to the start of litigation and several more times subsequently,

3.

including *after* Defendant removed the case. (Dkt. No. 1, at 1:6–16). Defendant relied on the settlement demand, not the remedy Plaintiff sought, because the Complaint did not allege a definite amount—Plaintiff instead simply stated that damages exceed $25,000. (Dkt. No. 28, at 8:10–12). Defendant appropriately relies on the settlement demand because courts in this jurisdiction and in the Ninth Circuit have stated that a settlement demand can be relevant evidence of the amount in controversy so long as it appears to reflect a reasonable estimate of the plaintiff's claim. *Briest v. Knot Standard LLC*, No. CV2002519CJCPVCX, 2020 WL 2572457, at *2 (C.D. Cal. May 20, 2020); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (allowing a case to stay in federal court based on plaintiff's $100,000 settlement demand).

And, while Plaintiff did not initially challenge this Court's jurisdiction, Plaintiff now argues that Defendant has not exceeded the jurisdictional threshold to a "legal certainty," and that remand is thus warranted. (Dkt. No. 28 at 8:15–23). Plaintiff relies on the amount in controversy standard set forth in *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994 (9th Cir. 2007); however, the Court notes that this case has been overruled as it pertains to a defendant's burden. (Dkt. No. 28, at 7:13–20). *See Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("Our reasoning there for imposing on defendants the burden to prove the amount in controversy to a legal certainty, rather than the ordinary preponderance of the evidence standard, is clearly irreconcilable with the Supreme Court's reasoning in *Standard Fire*. As a result, we hold that *Lowdermilk* has been effectively overruled, and that the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard."). Thus, Defendant is required to show the amount in controversy at the time of the removal exceeds $75,000 only by a preponderance of the evidence.

In addition to citing to the $249,999 settlement demand for a showing of amount in controversy, Defendant also shows by a preponderance of the evidence that

the other damages Plaintiff seeks will amount to more than $75,000. (Dkt. No. 32, at ¶ 20). Defendant compares the emotional distress damages, punitive damages, and attorneys' fees Plaintiff seeks in this case to relief sought in similar uninsured motorist bad faith cases. (Dkt. No. 32, at 10:27–13:4). In response, Plaintiff argues that, here, Defendant provides speculative and uncertain estimates for the amount in controversy. (Dkt. No. 28, at 8:7–9:10). The Supreme Court has held that the party seeking removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). By presenting case law supporting its argument that damages in similar uninsured motorist bad faith claims significantly exceed $75,000, Defendant has done more than merely "speculate." Defendant has made plausible allegations that the damages here will exceed $75,000. Therefore, whether through Plaintiff's $249,999 settlement demand, or through the emotional distress damages, punitive damages, and attorneys' fees, or through a combination of both, Defendant has shown *by a preponderance of the evidence* that the amount in controversy requirement is met.

### B. Events Subsequent to Removal Do Not Alter the Previously Determined Amount In Controversy.

To the Court, it seems as though the crux of Plaintiff's argument is that because the uninsured motorist claim was settled in arbitration, this Court no longer has jurisdiction. Specifically, Plaintiff does not dispute making the $249,999 settlement demand, but contends that since the claim on which the demand rests (uninsured motorist) was recently settled, the amount in controversy no longer meets the required threshold. (Dkt. No. 33, at 2:19–22).

However, Plaintiff is mistaken in this argument. The United States Supreme Court has long held that "events occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938).

Courts throughout the Ninth Circuit have applied this principle, and this Court is therefore inclined to apply it as well. *See Hill v. Blind Indus. & Servs. of Maryland*, 179 F.3d 754, 757 (9th Cir. 1999) ("A federal court is not divested of jurisdiction . . . if the amount in controversy subsequently drops below the minimum jurisdictional level."); *In re HP Inkjet Printer Litig.*, No. C 05-3580JF(PVT), 2009 WL 282051, at *2 (N.D. Cal. Feb. 5, 2009) ("For example, changes in the amount in controversy after the complaint has been removed would not subject a lawsuit to be remanded to state court."); *Barefield v. HSBC Holdings PLC*, 356 F. Supp. 3d 977, 986 (E.D. Cal. 2018) ("The Court is persuaded that the dismissal of claims bringing the total amount in controversy below $75,000 did not dissolve the Court's original jurisdiction over the suit."). Therefore, up against Plaintiff's argument that this Court has lost jurisdiction, the case law prevails.

Further, even if Plaintiff were to make amendments to their complaint, this Court would still maintain proper jurisdiction. *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) ("Post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court."). Therefore, Plaintiff's arguments are not persuasive or legally grounded.

In summary, Defendant has more than met its burden of showing *by a preponderance of the evidence* that the amount in controversy at the time of removal met this Court's jurisdiction threshold of $75,000.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand (Dkt. No. 32).

Dated: December 1, 2020

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE